IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN DOBBINS                                                                                          PLAINTIFF

V.                                      CASE NO. 4:17-CV-04023

PRESTON GLENN, Jail
Administrator for Nevada County;
and DR. DARRELL ELKINS                                                                            DEFENDANTS

**ORDER**

Before the Court is Plaintiff's failure to submit an *in forma pauperis application* ("IFP") and keep the Court informed of his current address.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on December 16, 2016, in the Eastern District of Arkansas. ECF No. 1. On April 14, 2017, the case was transferred from the Eastern District of Arkansas to the Western District of Arkansas, Texarkana Division. ECF No. 2. Plaintiff failed to submit an application to proceed IFP with his Complaint.

On April 18, 2017, the Court issued an order directing Plaintiff to submit an IFP application or pay the $400 filing fee by May 1, 2017. ECF No. 5. This Order informed Plaintiff that failure to do so would subject his complaint to summary dismissal for failure to obey an order of the Court. The Order also informed Plaintiff that failure to inform the Court of an address change may result in the dismissal of this case. On April 24, 2017, a packet mailed to Plaintiff's address of record including a blank IFP application and the order directing him to file his IFP application (ECF No. 5) was returned to the Court as undeliverable. ECF No. 6. To date, Plaintiff has not submitted an IFP application nor has he paid the $400 filing fee.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order" *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to prosecute this matter and has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 31st day of May, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge